**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RONALD MONTROSS and ANNETTE**
**MONTROSS,**

                              **Plaintiffs,**


                              **v.**                                    **5:07-CV-390**
                                                                        **(FJS/GHL)**

**LOGGY BAYOU, INC. a/k/a LOGGY BAYOU**
**ENTERPRISES; LOGGY BAYOU INDUSTRIES;**
**LOGGY BAYOU TREESTAND CO., INC.;**
**LOGGY BAYOU TREE STANDS; LOGGY**
**BAYOU COMPANY; LOGGY BAYOU**
**ENTERPRISES OF ARKANSAS a/k/a**
**HUNTING PRODUCTS RESEARCH, INC.;**
**JOHN DOE; and DICK'S SPORTING**
**GOODS, INC.,**

                              **Defendants.**
_____

**APPEARANCES**                                   **OF COUNSEL**

**MEVEC & COGNETTI**                              **RALPH A. COGNETTI, ESQ.**
206 North Townsend Street
Syracuse, New York 13202
Attorneys for Plaintiffs

**MARSHALL DENNEHEY WARNER**                      **HOWARD Z. MYEROWITZ, ESQ.**
**COLEMAN & GOGGIN**                              **JOHN R. GERAGHTY, ESQ.**
425 Eagle Rock Avenue
Roseland, New Jersey 07068
Attorneys for Defendant Hunting
Products Research, Inc.

**HISCOCK & BARCLAY, LLP**                        **ROBERT A. BARRER, ESQ.**
One Park Place                                    **MATTHEW J. SKIFF, ESQ.**
300 South State Street
Syracuse, New York 13202-2078
Attorneys for Defendant Dick's
Sporting Goods, Inc.

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiffs originally commenced an action against Defendant Loggy Bayou, Inc. a/k/a Loggy Bayou Enterprises in New York State Supreme Court, Onondaga County, on August 5, 2005. *See* Defendant Dick's Sporting Goods, Inc.'s Statement of Material Facts ("Facts"), at ¶¶ 1-2. On April 2, 2007, Plaintiffs discontinued that action. *See id.* at ¶ 3.

On September 15, 2006, Plaintiffs commenced the present action in New York State Supreme Court, Onondaga County. *See id.* at ¶ 4. In that complaint, Plaintiffs named Loggy Bayou, Inc., a/k/a Loggy Bayou Enterprises, Loggy Bayou Industries, Loggy Bayou Treestand Co., Inc., Loggy Bayou Tree Stands, Loggy Bayou Company, Loggy Bayou Enterprises of Arkansas, and Dick's Sporting Goods, Inc. as Defendants. *See id.* at ¶ 5. On March 15, 2007, Plaintiffs served Defendant Dick's Sporting Goods, Inc. ("Dick's Sporting Goods") with a copy of the summons and complaint. *See id.* at ¶ 7.

On April 2, 2007, Plaintiffs filed an amended summons and complaint. *See id.* at ¶ 10. In their amended complaint, Plaintiffs named Loggy Bayou, Inc. a/k/a Loggy Bayou Enterprises, Loggy Bayou Industries, Loggy Bayou Tree Stands, Loggy Bayou Company, Loggy Bayou Enterprises of Arkansas a/k/a Hunting Products Research, Inc., John Doe, and Dick's Sporting Goods as Defendants. *See id.* at ¶ 11.

On April 10, 2007, Defendant Hunting Products Research, Inc. ("Hunting Products") executed a Consent to Removal in this action. *See id.* at ¶ 13. On April 12, 2007, after a diligent investigation established that all of the companies named "Loggy Bayou" no longer existed and,

therefore, were incapable of giving consent to removal of this action, *see id.* at ¶ 12, Defendant

Dick's Sporting Goods filed a Notice of Removal in this Court on the basis of complete diversity

of citizenship between Plaintiffs and Defendants, *see* Dkt. No. 1.

All of Plaintiffs' causes of action arise out of an October 17, 2004 accident in which

Plaintiff Ronald Montross fell out of a tree while hunting and sustained injury, including a left

ankle fracture that required surgery.  Plaintiffs claim that the injury resulted from his use of a

defective tree stand that Loggy Bayou manufactured and that Plaintiffs purchased at Defendant

Dick's Sporting Goods' DeWitt, New York store.

Currently before the Court are Defendant Hunting Products' motion for summary

judgment and Defendant Dick's Sporting Goods' motion for summary judgment, both of which

are unopposed.[1]

## II. DISCUSSION

**A.**     **Defendant Hunting Products' motion for summary judgment**

Defendant Hunting Products asserts that it is entitled to summary judgment because,

although it purchased Loggy Bayou Enterprises of Arkansas pursuant to an Asset Purchase

Agreement, it specifically did not assume any of Loggy Bayou Enterprises of Arkansas'

liabilities.  *See* Defendant Hunting Products' Memorandum of Law at 5.  Furthermore, Defendant

Hunting Products contends that none of the four exceptions to the rule that successor liability

cannot be imposed on a corporation that purchases the assets of another corporation apply to this

---

[1] In a letter to Magistrate Judge Lowe dated March 11, 2008, Plaintiffs' counsel stated that he would not be submitting any papers in opposition to the motions of Defendants Hunting Products and Dick's Sporting Goods.  *See* Dkt. No. 21.

case. *See id.* at 6-9.

Alternatively, Defendant Hunting Products contends that (1) it never sold any products under the name Loggy Bayou Enterprises of Arkansas; (2) it never sold any products in boxes stating that Loggy Bayou Enterprises of Arkansas manufactured those products; (3) it never manufactured a tree stand with a climbing band, which is the component part that allegedly failed in the tree stand that Plaintiff Ronald Montross used; and (4) it never sold tree stands to Dick's Sporting Goods. *See* Declaration of Michael Smith ("Smith Decl.") at ¶¶ 7-10.

In *Semenetz v. Sherling & Walden, Inc.*, 7 N.Y.3d 194 (2006), the New York Court of Appeals reiterated that "[a] corporation that purchases another corporation's assets is not liable for the seller's torts, subject to four exceptions outlined in *Schumacher v Richards Shear Co.* (59 NY2d 239 [1983])." *Id.* at 196. In *Schumacher*, the Court of Appeals had held that these four exceptions were "(1) [when the successor corporation] expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction [was] entered into fraudulently to escape such obligations." *Schumacher v. Richards Shear Co., Inc.*, 59 N.Y.2d 239, 245 (1983). The Court of Appeals further explained that the "mere continuation" exception "refers to corporate reorganization, however, where only one corporation survives the transaction; the predecessor corporation must be extinguished . . . ." *Id.* (internal citations omitted).

The record supports Defendant Hunting Products' argument that none of the four exceptions set forth in *Schumacher* apply to this case. First, Article III of the Asset Purchase Agreement between Loggy Bayou Enterprises of Arkansas and Hunting Products, titled

Exclusion of Liabilities, provides that "Buyer does not and will not assume or become obligated to pay, perform or discharge and will not be responsible for, any liabilities or obligations of Seller, whether accrued, absolute, contingent or otherwise."  *See* Smith Decl. at Exhibit "A" at Article III.  Thus, not only did Defendant Hunting Products not expressly or impliedly assume Loggy Bayou Enterprises of Arkansas' liabilities, it expressly contracted not assume them.

The second exception also does not apply because the Asset Purchase Agreement was not a merger.  Defendant Loggy Bayou Enterprises of Arkansas continued to exist after the sale as evidenced by the fact that, as part of the Asset Purchase Agreement, it executed a Covenant Not to Compete.  *See* Smith Decl. at Exhibit "A" at Article VIII, § 8.02 & Exhibit "D."  Likewise, the third exception does not apply because, as noted, Defendant Loggy Bayou Enterprises of Arkansas continued to exist after the sale and, therefore, Defendant Hunting Products could not be a "mere continuation" of the same.

Finally, the fourth exception does not apply because Plaintiffs have not alleged that the transaction between Defendant Hunting Products and Loggy Bayou Enterprises of Arkansas was entered into fraudulently to escape liability.  In addition, Defendants Hunting Products and Loggy Bayou Enterprises of Arkansas entered into the Asset Purchase Agreement on October 21, 2003, approximately one year before Plaintiff Ronald Montross was injured on October 17, 2004.

Accordingly, since none of the exceptions to the general principle that a successor corporation is not liable for the torts of its predecessor apply, the Court grants Defendant Hunting Products' motion for summary judgment.

**B.      Defendant Dick's Sporting Goods' motion for summary judgment**

Defendant Dick's Sporting Goods asserts that it is entitled to summary judgment because it never sold the product that Plaintiffs claim caused Plaintiff Ronald Montross' injury.  To support this assertion, Defendant Dick's Sporting Goods states that, in response to its Notice to Admit, Plaintiffs stated that "Exhibit 'A' attached [to their response] was a true and accurate copy of a photograph of the box in which the tree stand that is the subject of this action was packaged at the time it was purchased by plaintiffs."  *See* Declaration of Robert A. Barrer, dated December 18, 2007 ("Barrer Decl."), at Exhibit "B."  In addition, Plaintiffs served a Response to the Notice to Produce in which they indicated that they did not have any receipts or proof of purchase of the tree stand other than the box in which the tree stand was packaged.  *See id.* at ¶ 6 & Exhibit "D."

The photograph of the box in which the tree stand was packaged shows a Universal Product Code ("UPC") number 9875300402, designating the tree stand as Loggy Bayou's "Cajun Climber Extra" model LCS3X.  *See* Declaration of Shawn Wanner, dated December 17, 2007 ("Wanner Decl."), at ¶ 4 & Exhibit "A."  In addition, Defendant Dick's Sporting Goods contends that it only purchased tree stands from Loggy Bayou Enterprises of Arkansas in 2001 and never purchased or sold Loggy Bayou's "Cajun Climber Extra" Model LCS3X tree stands.  *See id.* at ¶¶ 8-9 & Exhibit "C."

Since Plaintiffs did not respond to Defendant Dick's Sporting Goods' motion for summary judgment, the Court shall deem admitted all of the statements that Defendant Dick's Sporting Goods set forth in its Statement of Material Fact.  *See* L.R. 7.1(a)(3).  These factual statements, which evidence in the record supports, demonstrate that Defendant Dick's Sporting Goods did not sell the tree stand in question to Plaintiffs; and, therefore, Plaintiffs cannot hold Defendant

Dick's Sporting Goods liable for the injury that Plaintiff Ronald Montross suffered as a result of using the allegedly defective tree stand.  Accordingly, the Court grants Defendant Dick's Sporting Goods' motion for summary judgment.

### III. CONCLUSION

After carefully reviewing the entire file in this case, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant Hunting Products Research, Inc.'s motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that Defendant Dick's Sporting Goods, Inc.'s motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants Hunting Products Research, Inc. and Dick's Sporting Goods, Inc. and close this case.

**IT IS SO ORDERED.**

Dated: June 9, 2008
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

-7-